FILED
GREAT FALLS DIV.

'06 OCT 16 PM 4 09

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

GARY R. SCHLUND,

        Plaintiff,

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

CAUSE NO. CV 05-169-M-CSO

FINDINGS AND RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE

    Plaintiff Gary R. Schlund (Schlund) instituted this action to obtain judicial review of the decision of Defendant Commissioner of Social Security (Commissioner), denying his application for disability insurance benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-433, and for supplemental security income benefits (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381-1383c.

    The parties have filed cross-motions for summary judgment,

PAGE 1

and the issues are fully briefed.[1] Having considered the issues presented by the parties, together with the administrative record, the Court recommends that Schlund's motion for summary judgment be granted, the Commissioner's motion for summary judgment be denied, and this case be remanded for further administrative proceedings.

## I. PROCEDURAL BACKGROUND

Schlund brings this action challenging the Commissioner's decision denying his application for benefits. He filed his benefit applications in October 2002, alleging a disability onset date of December 31, 1999. Tr. 82-84; 144; 258-60. Schlund maintains that he is disabled due to a variety of ailments, including obesity, sleep apnea, asthma, shoulder strain, a learning disability, back problems, depression, and anxiety. Tr. 150, 261; Pl.'s Memo. in Support, 2 (Feb. 9, 2006).

After an administrative hearing held on November 23, 2004, at which Schlund appeared with counsel, an Administrative Law Judge (ALJ) found that Schlund was not disabled within the meaning of the Act. Tr. 18-26. The Appeals Council later denied Schlund's request for review, rendering the ALJ's decision the agency's final decision for purposes of judicial review. Tr. 8-10. Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g).

---

[1] Schlund did not file a reply brief.

PAGE 2

## II.  STANDARD OF REVIEW

This Court's review is limited.  The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  Substantial evidence also has been described as "more than a mere scintilla" but "less than a preponderance."  Sandegathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).  The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion.  Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.  "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas, 278 F.3d at 954 (citation omitted).

## III.  BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security

PAGE 3

Act if: (1) the claimant has a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months, and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but the claimant cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. § 1382c(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)).

1. The claimant must first show that he or she is not currently engaged in substantial gainful activity. Id.

2. If not so engaged, the claimant must next show that he or she has a severe impairment. Id.

3. The claimant is conclusively presumed disabled if his or her impairments are equivalent to one on the list of impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.

4. If the claimant does not have a listed impairment, then the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Corrao, 20 F.3d at 946.

5. Upon such a showing, the burden then shifts to the

PAGE 4

> Commissioner to prove that plaintiff can engage in
> other types of substantial gainful work existing in the
> national economy given the claimant's age, education,
> work experience and residual functional capacity.
> Jones, 760 F.2d at 995.

If the Commissioner finds that a claimant is disabled or not disabled at any point in this process, the review process is terminated. Corrao, 20 F.3d at 946.

### IV.   DISCUSSION

Following the steps in the sequential evaluation process, the ALJ first found that Schlund had not engaged in substantial gainful activity since the December 31, 1999, alleged disability onset date. Tr. 26. The ALJ next found that Schlund suffered from a history of a rotator cuff injury, shoulder pain, allergies, and morbid obesity, all of which constituted severe impairments. Id. However, the ALJ found that Schlund's impairments did not meet or equal the severity of any impairment described in the Listing of Impairments. The ALJ next determined that Schlund retained the residual functional capacity to perform his past relevant work. Because Schlund was capable of performing his past relevant work as a welder and fence builder, the ALJ found that he was not disabled within the meaning of the Act. Id.

Schlund argues on appeal that the ALJ erred by not categorizing his learning disorder as a severe impairment, and by finding that his condition did not satisfy one of the listed

impairments. Schlund also maintains that the ALJ erred in finding his testimony not entirely credible, and failed to cite sufficient reasons for rejecting the opinions of certain physicians. Finally, Schlund contends that the ALJ failed to fully develop the record. The Commissioner argues otherwise, and maintains that substantial evidence supports the ALJ's decision that Schlund was not disabled within the meaning of the Act because he retained the residual functional capacity to perform his past relevant work.

### A. Severity of Learning Disorder

Schlund first maintains that the ALJ erred at step two by not categorizing his learning disorder as a severe impairment. In his written decision, the ALJ acknowledged that Schlund had a learning disorder, but found that the disorder did not constitute a severe impairment. Tr. 20-21. In doing so, the ALJ relied on the testimony of the independent psychological medical expert, Dr. Edward Trontel, who "testified that the record was positive for the presence of a medically determinable impairment of a learning disorder not otherwise specified that did not precisely satisfy the diagnostic criteria of an organic mental disorder." Tr. 20; 318. Dr. Trontel stated that while the record indicated that Schlund had a reading disability, and "complex reading or extended complex verbal instructions might pose some difficulty," he had nevertheless been "capable of working in skilled and

unskilled positions" for a number of years. Tr. 20; 319. The ALJ accepted that Schlund had a learning disorder, but found that because it had not precluded him from working in the past, it did not constitute a severe impairment. Tr. 21; 232-245. See 20 C.F.R. § 404.1520(c) (defining a "severe impairment" as one "which significantly limits [the claimant's] physical or mental ability to do basic work activities.").

### 1. Medical Expert Testimony

Schlund argues the ALJ erred by relying on Dr. Trontel's testimony to support this assessment because Dr. Trontel had not had the opportunity to review all of his medical and psychiatric records. As Schlund correctly notes, "[t]he ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). See also, Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001). Schlund argues the ALJ did not fulfill his duty in this case because he did not allow the medical expert to review all of the records or change his opinion based on Schlund's testimony at the hearing. This Court agrees.

It appears from this Court's review of the transcript that Dr. Trontel testified at the hearing without having had the opportunity to review all of Schlund's psychiatric records. Although he testified as a psychological expert, he stated that

he had not seen any "psychiatrically relevant documents at all." Tr. 322. Dr. Trontel stated that he was not aware that Schlund was taking Zoloft, or that he had twice been sent to Pathways treatment center. Tr. 322. Nor was he aware that Schlund had been diagnosed as a manic depressive and suffered from anxiety. Tr. 323. Because Dr. Trontel had not reviewed all of the relevant records, the ALJ erred by relying in large part on his testimony in evaluating Schlund's cognitive limitations.

Schlund also argues that the ALJ erred by not allowing Dr. Trontel to explain whether his opinion might be different in light of Schlund's testimony at the hearing. Had the ALJ properly discredited Schlund's testimony, any error on the ALJ's part in this regard might well have been harmless. As discussed below, however, the ALJ erred by failing to make a specific credibility finding. That error is now compounded by the fact that the ALJ refused to allow Dr. Trontel to consider Schlund's testimony.

### 2. Lay Testimony

Schlund also argues that the ALJ erred by failing to take into account lay testimony which he contends would have established that his learning disorder in fact constituted a severe impairment. He points specifically to letters written by his welfare case manager, parents, and sister. Tr. 163-165.

It is well-established in the Ninth Circuit that the "ALJ

PAGE 8

must consider lay witness testimony concerning a claimant's ability to work." Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006) (citing Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 2003); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e)). "If the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." Stout, 454 F.2d at 1053 (quoting Dodrill, 12 F.3d at 919). The Ninth Circuit has recently held "that where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056.

It is clear from a review of the ALJ's decision that he did not discuss the letters submitted by Schlund's case manager and family members.[2] The ALJ's "silent disregard of [such] lay testimony contravenes [Ninth Circuit] case law and the controlling regulations." Stout, 454 F.3d at 1054. While the ALJ thus erred by disregarding those letters without discussion,

---

[2] Schlund's case manager, Suzanne Rios, does not qualify as an acceptable medical source, which is defined by regulation to include licensed physicians, psychologists, optometrists, and speech-language pathologists. 20 C.F.R. §§ 404.1513(a) & 416.913(a). She instead qualifies as an "other source" witness under 20 C.F.R. § 404.1513(d).

PAGE 9

the question is whether or not that error was harmless.

The first letter that Schlund points to was written by Suzanne Rios, his welfare case manager. Tr. 163. Rios writes that Schlund "was referred for Power Path testing through the Adult Basic Education Center at the local community college," and those "test results ind[icate] that [he] does have a learning disability." Tr. 163. Rios wrote that she assisted him "with paperwork and organizing his days." Tr. 163. While this is to an extent consistent with the ALJ's assessment, Rios's comments suggest that Schlund's learning disorder is severe enough that it causes difficulty with more than just complex reading and extended verbal instructions. Crediting Rios's statements as true, this Court cannot with confidence say that no reasonable ALJ could have reached a different disability determination.

Schlund also argues that the ALJ should have considered letters written by his parents and sister when evaluating the severity of his learning disorder. Tr. 164-65. While review of the record shows that Schlund's sister did not comment on either the presence or severity of his learning disorder, his parents do address that impairment. Tr. 164; 165. For example, they write that they have "had to deal with his learning disabilities" since he was a boy, and note that he "is not able to read documents of importance, and what he can read, he does not understand." They explain that Schlund "relies on [them] and others to help him

keep his appointments, pay his bills, and read important forms." Tr. 164.  As with Rios's letter, these remarks suggest that Schlund experiences difficulty with even simple reading and organizational skills as a result of his learning disability. Taking such statements as true, it is possible that a reasonable ALJ could have reached a different disability determination.

For these reasons, this Court cannot characterize the ALJ's failure to consider the lay testimony in this case as harmless under the standard recently enunciated by the Ninth Circuit in <u>Stout</u>.  This case should thus be remanded, with instructions for the ALJ to evaluate the lay testimony of record.

### B. Listing of Impairments

Schlund next argues that the ALJ erred at step three by finding that he did not meet the criteria for presumptive disability under one of the psychiatric listings.  Specifically, he maintains the ALJ failed to give sufficient weight to a letter written by his social worker, Mary Karen Caraway.  Tr. 293. Caraway wrote that Schlund showed many signs of "a major depressive disorder," and "manifest[ed] inflexible and maladaptive personality traits which cause[d] impairment in social and occupational functioning."  Tr. 293.  Schlund argues Caraway's letter establishes that he satisfies Listing 12.04 for affective disorders, and the ALJ should have given the letter greater weight.

As the ALJ noted, however, Caraway is a social worker and does not qualify as acceptable medical source. Tr. 24. See, 20 C.F.R. § 404.1513, 404.1527(a)(2). By their terms, the psychiatric listings, including Listing 12.04, require "[m]edically documented" evidence that a claimant satisfies the various qualifying criteria. The ALJ properly discounted Caraway's opinion in large part based on the fact that she was not an acceptable medical source. As the ALJ further explained, the record contained "no counseling records from Ms. Caraway providing objective support for her conclusion, which also renders her opinions less persuasive." Tr. 24. The ALJ legitimately cited the absence of any supporting documentation as an additional reason for giving little weight to Caraway's letter. See, *Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999) (the absence of medical documentation reduces the weight of an opinion).

Schlund also contends that ALJ failed to cite sufficient reasons for rejecting a report by one-time treating physician Dr. Richard Makman. Dr. Makman examined Schlund in September 2003, a few months after his wife's death. Tr. 247-52. As the ALJ acknowledged, Dr. Makman "provided a diagnostic impression at admission of major depression, PTSD, probable drug and alcohol abuse with some recent abuse, and a probable sociopathic personality disorder." Tr. 24. Schlund argues Dr. Makman's

PAGE 12

report establishes that he has severe mental disability, sufficient to satisfy the criteria of an unidentified psychiatric listing.

But the psychiatric listings, including Listing 12.04 for affective disorders, all require persistent symptoms.  As the ALJ explained, Dr. Makman only saw Schlund once, treating him for situational depression as a result of his wife's death.  Tr. 24.  The ALJ noted the absence of any additional treatment records, and appropriately determined that "without an apparent durational aspect, the undersigned provides little weight to this one-time interview, and lack of continued treatment."  Tr. 24.

As discussed above, however, this case should be remanded in part because the psychological expert, Dr. Trontel, had not reviewed Schlund's psychiatric records before testifying at the hearing.  The ALJ should reevaluate the question of whether Schlund satisfies one of the psychiatric listings in light of Dr. Trontel's testimony on remand.

### C. Credibility

Schlund next maintains that the ALJ failed to cite sufficiently clear and convincing reasons for finding his testimony not entirely credible.  This Court agrees that the ALJ's credibility analysis is flawed, but for a slightly different reason than that suggested by Schlund.  Specifically, this Court notes that while the ALJ set forth the legal standards

for evaluating a claimant's credibility, he failed to make an explicit credibility finding as required under Ninth Circuit caselaw. See, Abalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990) (requiring an express credibility finding). As the Ninth Circuit explained in Abalos, "courts have consistently required that there be an explicit finding whether the Secretary believed or disbelieved the claimant whenever the claimant's credibility is a critical factor in the Secretary's decision." Abalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). In Abalos, the Ninth Circuit overturned the ALJ's decision denying benefits because the ALJ failed to "expressly discredit[]" the claimant's testimony or "articulate any reasons for questioning her credibility." Abalos, 907 F.2d at 874. The Abalos court held that "[a]n 'implicit' finding that [the claimant] was not credible" was insufficient. Abalos, 907 F.2d at 874.

Here, as in Abalos, the ALJ failed to make an explicit finding as to whether he believed or disbelieved Schlund's testimony. Tr. 26. No such finding appears in the text of the decision, or among the findings listed at the end. According to the Ninth Circuit, his failure to make such a finding constitutes reversible error. Abalos, 907 F.2d at 874.

Because the ALJ failed to make an explicit finding as to Schlund's credibility, this case should be remanded for further proceedings.

**D. Evidence Presented to the Appeals Council**

Finally, Schlund argues the Appeals Council erred by denying his request for review in light of Dr. Houser's evaluation, in which he opined that Schlund satisfied the criteria for several listed impairments for mental disorders.

If a claimant submits evidence to the Appeals Council that is new, material, and relates to the period on or before the date of the ALJ's hearing decision, the Appeals Council will then evaluate the entire record, including the newly submitted evidence. See, Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993) (relying on 20 C.F.R. § 404.970(b)). The Appeals Council will reverse the ALJ's determination only if it finds that the determination is "contrary to the weight of the evidence currently in the record." 20 C.F.R. § 404.970(b). "Evidence is new within the meaning of [404.970(b)] if it is not duplicative or cumulative." Wilkins v. Sec'y. Dept. of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Evidence is material when it creates a reasonable possibility that the outcome of the case would be different. Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984).

The Appeals Council in this case considered Dr. Houser's report, but found that it was not material in large part because it was based on Schlund's subjective complaints. Tr. 9. The Appeals Council reasoned that because the ALJ had discounted

PAGE 15

Schlund's testimony, Dr. Houser's report was in turn entitled to little weight and would not have changed the ALJ's decision. As discussed above, however, the ALJ's credibility analysis was flawed.

The Appeals Council also noted that Dr. Houser's report did not contain any "examination findings or mental status testing." Tr. 8-9. While that is one legitimate reason for finding that Dr. Houser's report was not material, standing alone it is not sufficient to support the Appeals Council's assessment of Dr. Houser's report. On remand, the ALJ should thus reevaluate Dr. Houser's report.

### *V. CONCLUSION*

The Court thus concludes that this case should be remanded with instructions for the ALJ to (1) evaluate Schlund's credibility and enter express credibility findings, (2) consider the lay witness testimony, (3) obtain new medical expert testimony, and (4) reevaluate Dr. Houser's report. Accordingly,

**IT IS RECOMMENDED** that the Commissioner's Motion for Summary Judgment be **DENIED**, Longknife's Motion for Summary Judgment be **GRANTED**, and the Commissioner's decision be **REVERSED**. Judgment should be entered pursuant to sentence four of 42 U.S.C. §405(g) **REVERSING** the Commissioner's decision and **REMANDING** this case for further administrative proceedings consistent with this decision.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a

copy of the Findings and Recommendation of the United States Magistrate upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this 16th day of October, 2006.

Carolyn S. Ostby
United States Magistrate Judge